ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                  No. 4:16-MJ-163

LEE FOGLE (02)

## JOINT MOTION TO CONTINUE TIME TO INDICT

The Government and the Defendant, LEE FOGLE, jointly request this Honorable

Court to continue the time upon which an indictment must be filed for this particular

case.

(1)    The Government filed a criminal complaint against the defendant on,

March 28, 2016, alleging a violation of 21 U.S.C. § 846 (21 U.S.C. §

841(a)(1) and (b)(1)(B), possession of a controlled substance with intent to

distribute.

(2)    LEE FOGLE, appeared before the Honorable Jeffrey L. Cureton on April

12, 2016.  The defendant was detained/released pending trial by the

Honorable Jeffrey L. Cureton on this date.

(3)    Under the Speedy Trial Act, 18 U.S.C. § 3161(b), an indictment must be

returned on the instant charge "within thirty days from the date on which

[the Defendant] was arrested or served with a summons in connection with

such charges."

This 30th day will fall on or about May 12, 2016, taking into account any excludable time, pursuant to 18 U.S.C. § 3161(h)(1)(H), and Federal Rule 45(a).

(4)     The parties request that the Court continue presentation of the Defendant's case to the Grand Jury for an additional 8 days. Both parties believe that with additional time in which to gather information about the Defendant and the circumstances surrounding the events leading to the pending case, a plea agreement may be reached, thus negating the need for an indictment.

(5)     Therefore, the granting of this continuance would be in the interest of judicial economy. Both parties further believe that a continuance would serve the ends of justice and would outweigh the interest of the public in a speedy trial. *See 18 U.S.C. § 3161(h)(7)(A)*.

(6)     This request is not made in effort to unduly delay the proceedings, but rather to insure that justice is achieved. The parties both believe that a failure to grant the requested continuance would deny the parties the time necessary for effective preparation, taking into account the exercise of due diligence. *See 18 U.S.C. § 3161(h)(7)(B)(iv)*. As such, return of the indictment within the normal 30 day period could result in a miscarriage of justice. *See 18 U.S.C. § 3161(h)(7)(B)(I)*.

(7)    For the foregoing reasons, the parties request that this Honorable Court

continue the time upon which an indictment must be filed for an additional

8 days, until on or about May 19, 2016.


Respectfully submitted,


JOHN R. PARKER
UNITED STATES ATTORNEY


AGREED TO BY:

SHAWN SMITH
Assistant United States Attorney

LEE FOGLE
Defendant

Attorney for Defendant